**A-US GAL 1, L.P. v National Air Cargo Group, Inc.**

2025 NY Slip Op 32147(U)

June 15, 2025

Supreme Court, New York County

Docket Number: Index No. 655890/2023

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-------------------------------------------------------------------------------X

A-US GAL 1, L.P.

Plaintiff,

- v -

NATIONAL AIR CARGO GROUP, INC.,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655890/2023 |
| **MOTION DATE** | - |
| **MOTION SEQ. NO.** | 002 003 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 60, 61, 62, 63, 64, 65, 81, 83, 117, 119

were read on this motion to/for _____ AMEND CAPTION/PLEADINGS _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 80, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 118, 121, 122

were read on this motion to/for _____ PARTIAL SUMMARY JUDGMENT _____ .

In mot. seq. no. 002, defendant National Air Cargo Group, Inc. moves, pursuant to CPLR 3025, to file a second amended answer with counterclaim.[1]  Defendant seeks to add a claim for breach of the lease §6(f), concerning return of unserviceable engines, and §6(c) which states that "Lessee shall not be liable for damage and any cost of repair resulting from normal wear and tear."

In mot. seq. no. 003, plaintiff A-US GAL 1, L.P. moves, pursuant to CPLR 3212, seeking partial summary judgment on its breach of contract claim.[2]

---

[1] Defendant failed to submit a red-line copy of the proposed amended pleading in violation of Part 48 Procedure 13.

[2] On December 31, 2024, the Appellate Division, First Department reversed this court's decision denying plaintiff's motion to dismiss defendant's counterclaims. Plaintiff's counsel shall file a copy of that decision in NYSCEF.

[* 1]

The aircraft engines at issue were returned at the conclusion of the lease in 2023. The term of the leases is 36 months from the date of the Equipment Schedule. (See e.g. NYSCEF 76, Equipment Schedule 16 for GE engine serial number 702990.)

For the reasons stated on the record on June 11, 2025, defendant's motion to amend is denied and plaintiff's motion for partial summary judgment is granted. It is undisputed that defendant returned the engines in unserviceable condition and one engine was returned to the wrong place all in violation of the of the lease. (NYSCEF 90, August 8, 2021 email between parties; NYSCEF 68, Nat'l Responses to First Set of RFAs Nos. 4, 9-12; NYSCEF 70 and 71, Defendant's spreadsheets; NYSCEF 76, Equipment Schedule 16.) Section 9(b)[3] of the lease requires engines to be serviceable

---

[3] Section 9(b) of the lease provides "Engine Redelivery Condition. Each Engine will (i) be in compliance with the terms of this Agreement, (ii) have installed thereon all accessories, appurtenances, appliances, parts and other items of equipment installed thereon on the Delivery Date, or permitted replacements thereof in accordance with this Agreement, (iii) have an FAA 8130-3 serviceable tag with full return-to-service statement affixed to it and/or EASA Form 1 serviceable tag with full return-to-service statement affixed to it, (iv) not have any carry over maintenance tasks listed on the return to service tag (including testing required prior to installation on any eligible aircraft), other than idle leak checks required following installation of the borescope inspection plugs, and (v) not be "on watch" or have any reduced interval inspections beyond that which are allowed by the Engine maintenance manual; provided that, if an Engine is delivered to Lessee with an "on watch" item or reduced interval inspection, such Engine may be returned to Lessor with only such "on watch" item or reduced interval inspection that existed at delivery to the Lessee. Any alarms in the trend monitoring will be closed by the recommended maintenance actions in the trend monitoring program or other applicable maintenance manuals ("AMM"). Lessee will perform or cause to be performed on each Engine immediately prior to its return to Lessor, at Lessee's sole expense, a full gas-path DVD borescope inspection with written report, a visual inspection and a MPA on wing. Lessor shall have the right to observe any on wing MPA. Notwithstanding anything to the contrary in this Section 9(b), to the extent any Engine is unserviceable solely as a result of an LLP limiter in accordance with the applicable Equipment Schedule, Lessor shall waive those redelivery conditions set forth herein which can not be met solely as a result of such LLP limiter and, for the avoidance of doubt, all other redelivery conditions shall continue to apply.

**655890/2023   A-US GAL 1, L.P. vs. NATIONAL AIR CARGO GROUP, INC.**                    **Page 2 of 7**
**Motion No.  002 003**

when returned at the conclusion of the lease, while §9(a) requires the engines to be returned to a place specified in the Equipment Schedule. (NYSCEF 3, Engine Lease General Terms Agreement.) "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms," and "[e]vidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing." (*W.W.W. Assocs., Inc. v. Giancontieri,* 77 NY2d 157, 162 [1990].) Defendant does not argue that there is an ambiguity[4] and thus the court may not rely on defendant's parol evidence e.g. defendant's expert opinion. *(Schron v Troutman Sanders LLP,* 20 NY3d 430, 436 [2013] ["Parol evidence—evidence outside the four corners of the document—is admissible only if a court finds an ambiguity in the contract. As a general rule, extrinsic evidence is inadmissible to alter or add a provision to a written agreement. This rule gives "stability to commercial transactions by safeguarding against fraudulent claims, perjury, death of witnesses ... infirmity of memory ... [and] the fear that the jury will improperly evaluate the extrinsic evidence." [internal quotation marks and citation omitted].) This decision supplements the decision on the record.

As an initial matter, plaintiff's partial summary judgment motion is not premature because there are issues of fact, as defendant argues. Specifically, defendant asserts the following material issues: (1) whether the engines were unserviceable at redelivery; (2) whether the engine's unserviceability was caused by "normal wear and tear" which is

---

[4] For example, the inconsistency between the Equipment Schedules which anticipate that the term will end when an engine becomes unserviceable and §9(b).

[* 3]

permissible under section 6(c)[5] of the lease agreement; (3) whether plaintiff picked the

borescope findings that were favorable to him; and (4) whether section 6(c) and 6(f)[6] of

---

[5] Section 6(c) of the lease states that "[a]t its sole expense, Lessee shall cause field-level maintenance to be performed on each Engine in accordance with all applicable requirements and mandatory recommendations of the manufacturer thereof, and shall promptly repair or procure the repair of any damage to an Engine occurring during the Lease Term for such Engine resulting from foreign object ingestion, DOD, accidents or any other causes, whether or not involving the fault of Lessee, provided that Lessee shall not be liable for damage and any cost of repair resulting from normal wear and tear and LLP life expiration. For the avoidance of doubt, Lessee shall not be liable to implement any airworthiness directives that cannot be performed while the engine is on wing a host aircraft. Lessee shall cause all maintenance of, and repairs to, an Engine to be recorded in the records for such Engine. Each accessory, part, or component installed on an Engine in connection with a repair shall be identical in manufacturer and part number to the item which it replaces, shall be in serviceable condition, as evidenced by an FAA 8130-3, as applicable, and a replacement life-limited or "hard-time" item shall have a value and remaining life equal to or greater than the value and remaining life of the replaced item. Lessee will ensure that all replacement parts will befree and clear of all Liens. Upon installation on an Engine, title to such replacement parts shall immediately vest in the Lessor. Lessee shall monitor each Engine in accordance with its trend monitoring program and follow the procedures of such program to troubleshoot and correct any alarm conditions. (NYSCEF Doc. No. [NYSCEF] 3, Lease Agreement § 6[c].)

[6] Section 6(f) of the lease states that "[i]f an Engine becomes unserviceable (other than as a result of any ingestion, foreign object damage (FOD), faulty maintenance or repair, improper operation, abuse, misuse, neglect or accidental cause), Lessee shall provide Lessor with written notice ('Lessee Notice of Unserviceability') at least ninety (90) days prior to the date that an Engine is expected to become unserviceable (or, if ninety (90) days' notice is not possible, as soon as reasonably practicable) (such Engine hereinafter referred to as the 'Unserviceable Engine'). Following Lessor's receipt of the Lessee Notice of Unserviceability, Lessor shall provide a substitute engine (a "Lessor Substitute Engine") in place of the Unserviceable Engine; provided that the costs associated with the engine change in which the Lessor Substitute Engine is installed shall be for Lessee' s account. In the event that Lessor elects to provide a Lessor Substitute Engine, Lessee shall promptly return the Unserviceable Engine to Lessor, at Lessee's sole cost and expense, in the condition such Unserviceable Engine was in at the time of the unserviceability event but subject to the requirements that (i) Lessee shall have maintained the Unserviceable Engine in the condition required by this Lease, and (ii) Lessor and Lessee shall execute a supplement to this Lease in a form acceptable to Lessor whereby the Lease will be terminated with respect to the Unserviceable Engine and the Lessor Substitute Engine shall become an Engine under the relevant Lease." (NYSCEF 3, lease agreement § 6[f].)

**655890/2023   A-US GAL 1, L.P. vs. NATIONAL AIR CARGO GROUP, INC.**                                                              **Page 4 of 7**
  **Motion No.  002 003**

[* 4]

the lease agreement completely shield defendant from liability, and thus, discovery is necessary. If there are issues of fact, then there will be a trial, but issues of fact do not make a partial summary judgment motion premature.

It is undisputed that defendant failed to return the engines in serviceable condition at the conclusion of the lease, and thus, what caused the engines to be unserviceable is irrelevant under the lease. No amount of discovery will change that.

Likewise, defendant's argument that discovery is needed to determine the redelivery location[7] of Engine 702990 is meritless because there is no evidence that defendant and plaintiff agreed to change the location specified in §9(a) of the lease agreement. Nonetheless, even if there was an agreement to change the location, such documents should be in defendant's custody.

Similarly, defendant's argument that discovery is needed to determine who is liable for repairing the engines that became unserviceable during the term of the lease is meritless because there is no evidence that defendant notified plaintiff within 90 days or a reasonable time, which is a precondition under §6(f) of the lease. If defendant notified plaintiff, such documents should be in defendant's custody. Thus, defendant

---

[7] Section 9 (a) states, in part, that "[l]essee shall, at Lessee's sole expense, promptly return such Engine to Lessor at the Redelivery Location specified in the applicable Equipment Schedule. Redelivery of such Engine shall occur only when the Engine is delivered to the Redelivery Location specified on the Equipment Schedule and the Engine and all records related thereto are delivered in the condition required by this Section 9 and Part 2 of Exhibit D and Lessee delivers to Lessor the completed forms found in Exhibit F, all as acknowledged by Lessor pursuant to the Engine Redelivery Receipt. The Engine and all related records shall be free and clear of all Liens and encumbrances of any kind, other than any Liens or encumbrances arising through Lessor." (*Id.* § 9[a].)

[* 5]

fails to identify any issue that would require discovery relevant to the breach of contract claim.

Since the court cannot rely on defendant's expert affirmation because defendant fails to assert an ambiguity in the lease, plaintiff's failure to submit an expert opinion is irrelevant. Likewise, plaintiff's reliance on an attorney affirmation is irrelevant since partial summary judgment is based on law and the undisputed fact that defendant failed to return engines in serviceable condition.

"[L]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . , and the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court." (*Davis v S. Nassau Communities Hosp.*, 26 NY3d 563, 580 [2015] [internal quotation marks and citations omitted]; *see also* CPLR 3025 [b].) "[A] proposed amendment that cannot survive a motion to dismiss should not be permitted." (*Olam Corp. v Thayer*, 2021 NY Slip Op 30345[U], *2 [Sup Ct, NY County 2021] [internal quotation marks and citations omitted].) "A proposed amended complaint that would be subject to dismissal as a matter of law is, by definition, 'palpably insufficient or clearly devoid of merit' and thus should not be permitted under CPLR 3025." (*Id.* at 3-4.) The motion to amend is denied for the same reasons that the motion for partial summary judgment is granted. Further, as to §6(f) of the lease, it is undisputed that defendant never gave the requisite notice.

Parties are encouraged to check their hyperlinks before submitting their papers to the court.

Accordingly, it is

**655890/2023 A-US GAL 1, L.P. vs. NATIONAL AIR CARGO GROUP, INC.** **Page 6 of 7**
**Motion No. 002 003**

6 of 7

[* 6]

ORDERED that motion sequence 002 is denied; and it is further

ORDERED that motion sequence 003 is granted as to liability on plaintiff's breach of contract claim; and it is further

ORDERED that the parties shall submit the transcript to be so ordered; and it is further

ORDERED that the parties shall provide a status update regarding discovery on July 15, 2025.

20250615223635AMASLEYB7BD33B203034002B4BA5E126C2E5844

**6/15/2025**
**DATE**

**ANDREA MASLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655890/2023 A-US GAL 1, L.P. vs. NATIONAL AIR CARGO GROUP, INC.** **Page 7 of 7**
**Motion No. 002 003**

7 of 7

[* 7]